# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CV-02472-JLK-MEH

PAULA A. FARBER,

    Plaintiff,

v.

J.P. MORGAN INSTITUTIONAL INVESTMENTS, INC.[1]

    Defendant.

_____

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS
_____

KANE, J.

    This action arises out of alleged Title VII violations that occurred while Plaintiff Paula Farber was employed by Defendant JP Morgan.  In her Complaint, Plaintiff asserts two claims for relief: (1) a claim alleging sexual harassment, sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964; and (2) a state common law claim for defamation.  The matter is before me on Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  The Motion which is directed to Plaintiff's Title VII claim, but seeks the dismissal not of the claim itself, but of "all time-barred discrete acts of discrimination and retaliation" within that claim under *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).  Leaving aside the propriety of such a motion under Rule 12(b)(6), which recognizes motions for the dismissal of

---

[1] According to Defendant, the entity Plaintiff actually intended to sue was JPMorgan Retirement Plan Services, a division of J.P. Morgan Institutional Investments, Inc. and  refers to itself as "JP Morgan," accordingly.

claims or counterclaims only,[2] I have reviewed the parties' briefs and the cases cited therein, and, giving careful consideration to the allegations in Plaintiff's Complaint under relevant pleading standards and applicable law, deny the Motion on its merits.

JP Morgan's Motion is premised on an overly restrictive reading of *Morgan* and is premature at the Rule 12(b)(6) stage of the proceedings. In *Morgan*, the Supreme Court indeed rejected use of the "continuing violation" doctrine to extend the time for filing claims premised on discrete acts of discrimination occurring outside the relevant 180 or 300 day time period immediately preceding a plaintiff's administrative charge, but limited that holding to acts giving rise, solely on their own, to Title VII. liability. 536 U.S. at 112-13 ("discrete acts of discrimination" falling within this holding include "termination, failure to promote, denial of transfer, or refusal to hire."). The Court specifically carved out hostile work environment claims from that category of "discrete acts of discrimination," recognizing that such a claim by its "very nature involves repeated conduct." *Id.* at 115. At this stage of the proceedings, Plaintiff's Title VII claim is comprised of allegations giving rise to a claim for wrongful termination – falling *within* the applicable 300-day period and unchallenged by JP Morgan – and hostile work environment.

Moreover, under *Morgan* even otherwise time-barred "discrete acts" may be used as "background evidence in support of a timely claim." 536 U.S. at 113. For this additional reason, Plaintiff's allegations remain just that –  allegations – used in support of her timely wrongful termination and hostile work environment claims. Unless and until discovery reveals Plaintiff's

---

[2] While Rule 12(f) gives the appearance of a more precise basis for the request, the appropriate vehicle for Defendant's theory is a Rule 56(a) motion for summary or declaratory judgment on all or "any part" of a pending claim. Fed. R. Civ. P. 56(a).

claims to be otherwise limited,[3] Plaintiff's Complaint articulates cognizable claim(s) for relief under Title VII of the Civil Rights Act of 1964.

Defendant's Motion to Dismiss (Doc. 17) is DENIED.

Dated September 11, 2007.                    **/s John L. Kane**
                                             SENIOR U.S. DISTRICT JUDGE

---

[3] As Plaintiff points out, *Morgan* was a summary judgment case in which the facts underlying the plaintiff's claims had been developed in discovery. Here, under a dismissal standard, we take Plaintiff's allegations at their word and will not "dismiss" or strike them when it is yet unclear whether any one or the other forms a "discrete" basis for an untimely claim or whether they relate to Plaintiff's timely wrongful termination claim and/or a timely claim for hostile work environment.