IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge John L. Kane**

Civil Action No.  06–cv–02472– JLK–MEH

**PAULA A. FARBER**

Plaintiff,

v.

**J.P. MORGAN INSTITUTIONAL INVESTMENTS, INC.**

Defendant.

---

## STIPULATION AND PROTECTIVE ORDER

---

**Kane, J.**

Each Party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefor, state as follows:

1.      In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below).  The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions.  The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties business or privacy interests.  The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2.       "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 3 below as containing: JPMorgan's trade secrets, intellectual property, proprietary data, inventions, financial information, personnel data and related information, salary data, benefits information, internal investigation data, human resources data, data maintained and transmitted through JPMorgan's electronic communications systems including its telephonic lines, data created in anticipation of litigation, training manuals and materials, policies or practices related to JPMorgan's business, personnel or other matters, computer databases, computer programs, software and other technology, data relating to matters as existing or contemplated in information developed specifically for use in JPMorgan's business, or any other information in which JPMorgan, the Plaintiff or another party may maintain a privacy interest, including Plaintiff's and other individuals' "protected health information" as defined under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 45 C.F.R. § 160.103.  All identified information is generally unknown and not readily ascertainable to persons other than JPMorgan and/or the Plaintiff and each has an interest in maintaining the confidentiality of this information due to the private nature of the information and because of the economic and other harm that each may suffer by improper use and disclosure of this information.  The Parties agree that this list is illustrative and not comprehensive. Confidential Information shall not include any documents or information which are matters of public record, on file with and available to the public through local, state or federal governmental agencies and/or entities.

3.       Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

a.     By imprinting the word "Confidential" on the first page or cover of any document produced;

b.     By imprinting the word "Confidential" next to or above any response to a discovery request; and

c.     With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4.     All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

a.     It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

b.     It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

5.     Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6.     The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

7.      During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure.  If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8.      No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9.      During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

10.      If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation.  All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute.  If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

11.     In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use.  Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal.  Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978)(applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

12.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

13.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14.     Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom.  At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 6 herein, and counsel shall provide the Court with verification that any of counsel's work product referencing

5

Confidential Information has been destroyed.

15.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated at Denver, Colorado, this 13th  day of November, 2007.

BY THE COURT:


_s/John L. Kane_____
JOHN L. KANE, SENIOR JUDGE
UNITED STATES DISTRICT COURT

**STIPULATED AND AGREED BY:**


|  |  |
|---|---|
| | s/Elizabeth J. McNamee |
| **Defendant:** | Elizabeth J. McNamee, Esq. |
| J.P. Morgan Institutional | Davis Graham & Stubbs LLP |
| Investments, Inc. | 1550 17th Street, Suite 500 |
| | Denver, CO  80202 |


|  |  |
|---|---|
| | s/Susan R. Hahn |
| **Plaintiff:** | Susan R. Hahn, Esq. |
| Paula A. Farber | Law Office of Susan R. Hahn |
| | 5765 South Curtice Street |
| | Littleton, CO 80120 |

**EXHIBIT A**

**<u>AFFIDAVIT</u>**

STATE OF COLORADO       )
                              )    ss.

COUNTY OF _____ )

_____, swears or affirms and states under penalty of perjury:

1.       I have read the Protective Order in Paula A. Farber v. JPMorgan Retirement Plan Services, a division of J.P. Morgan Institutional Investments, Inc., a copy of which is attached to this Affidavit.

2.       I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3.       I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information show or told to me except as authorized in the Protective Order.  I will not use the Confidential Information for any purpose other than this litigation.

4.       For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5.       I will abide by the terms of the Protective Order.

(Signature)

(Print or Type Name)

Address:

Telephone No.: (___)

7

SUBSCRIBED AND SWORN to before me this _____ day of _____, 20__, by _____.

WITNESS my hand and official seal.


Notary Public

[S E A L]
My Commission Expires:

8